UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH DADON, an individual<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, by and through the Internal Revenue Service<br><br>    Defendant. | Cause No.:  1:19-cv-3862-JMS |

## AMENDED PETITION TO QUASH IRS THIRD PARTY SUMMONS

Pursuant to, *inter alia*, 26 U.S.C § 7609(b)(2) and the 4th, 5th and 16th amendments to the United States Constitution, Petitioner Joseph Dadon ("Mr. Dadon") respectfully petitions this Court to quash a third-party summons issued by the Internal Revenue Service ("IRS") to JP Morgan Chase Bank, N.A. (the "Summons").  The Summons purports to have been served in connection with an investigation of tax liabilities of a French company, Société Française de Négoce International.  A copy of the Summons is attached hereto as Exhibit A.

An order quashing the Summons is sought primarily on the following grounds:

1. The Summons purports to have been issued "under the authority of the Internal Revenue Code," yet that Code authorizes the IRS to issue summons ***only*** for the purpose of determining internal revenue tax liabilities ***to the United States***.  The Summons, on its face, was issued in connection with potential value added tax liabilities of a French company Société Française de Négoce International to the government of France.  Accordingly, the Summons is not authorized by law.

2. The Summons is also not authorized by the 1996 Tax Treaty between the United States and France (as amended ) (the "Treaty").

a. The Treaty provides that the IRS will assist *the government of France* in the collection of taxes. *See* Treaty, Article 27. On its face, the Summons was issued upon request made by a ***private entity***, Société Française de Négoce International (or its principals or creditors), not the government of France. Accordingly, the Summons was issued without legal authority and in excess of any authority accorded to the IRS by the Treaty.

b. The Treaty does not authorize any assistance or other actions by the IRS with respect to collection of taxes from citizens of the United States. *See* Treaty, Article 28, para. 5. Mr. Dadon is a citizen of the United States. Accordingly, the Summons is not authorized or permitted by United States law or any treaty obligations of the United States to the extent its purpose is to assist in the collection of French taxes.

c. The Treaty authorizes the IRS to provide assistance with respect to collection of taxes owed to the government of France only where the existence of a tax obligation has been finally determined. *See* Treaty, Article 28, paras. 1-3. In all other cases, the treaty only authorizes the IRS to take "measures of conservancy" and only where a revenue claim has been made by the government of France. *Id.*, para. 4. There is no evidence of any revenue claim against Mr. Dadon by the government of France. Indeed, there is no evidence that Mr. Dadon is even alleged to owe any taxes to the government of France, let alone that any determination has been made that taxes are owed. Accordingly, the Summons is not authorized or permitted by United States law or any treaty obligations of the United States to the extent its purpose is to assist in the collection of French taxes.

I. **JURISDICTION AND PARTIES**

1. Jurisdiction over this Petition exists in this District pursuant to, *inter alia*, 26 U.S.C. §7609(h)(1), which provides in pertinent part: "(1) Jurisdiction.-- The United States district court for

the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceeding brought under subsection (b)(2)…."

2. The Summons was issued to third-party JP Morgan Chase Bank, N.A. ("Chase Bank") at its address within this District, located at 7610 West Washington St., Indianapolis, IN 46231. Chase Bank is one of the largest financial institutions in the United States.

3. Petitioner Joseph Dadon ("Mr. Dadon") is a citizen and resident of the United States, with his principal residence in Los Angeles, California.

4. Respondent is the United States of America, operating by and through the Internal Revenue Service.

5. This petition is timely filed pursuant to 26 U.S.C § 7609(b)(2)(A) in that Respondent notified Mr. Dadon of the Summons to Chase Bank by sending a copy of it to him on October 11, 2019 by registered mail through the United States Postal Service. This action to quash was first filed on September 9, 2019, and this amended petition is being filed on October 29, 2019.

6. Mr. Dadon timely notified Chase Bank and Respondent of this Amended Petition to Quash by sending a copy via certified mail on October 29, 2019, to:

    a. Respondent at:

        Internal Revenue Service
        Devika C. Jaipersaud
        International Tax Law Specialist
        7850 SW 6th Court, Room 355
        Stop 4685:DCJ
        Plantation, FL 33324

    b. Chase Bank at:

        National Subpoena Processing
        JP Morgan Chase Bank, N.A.
        7610 West Washington St.
        Indianapolis, IN 46231-1335

7. Venue is proper in this District pursuant to 26 U.S.C. §7609(b)(2) and (h)(1).

## OBJECTIONS TO SUMMONS

8.     The Summons is invalid and ineffective because no law authorizes or permits it.

9.     Congress has not authorized the Secretary of the Treasury or his delegates (including any agent or representative of the Internal Revenue Service) to issue any summons for any purpose except to determine a person's liability for United States revenue taxes or to collect United States revenue taxes from such a person.

      a.     The power to issue summons was conferred upon the Secretary and his delegates by Congress in Section 7602(a) of the Internal Revenue Code.  By its plain terms, however, that section limits that authority to issue summons to investigations relating to taxes due ***to the United States***.  *See* 26 U.S.C. §7602(a) (authorizing summons "for the purpose of … determining the liability of any person for any internal revenue tax….")

      b.     The Summons at issue here, however, was not issued in connection with any investigation relating to taxes due to the United States.  On the contrary, the Summons reflects on its face that it was issued in connection with an investigation of "French Income Tax Liabilities," not tax liabilities owed to the United States.  *See* Summons (Exhibit A hereto) at 1.

      c.     The 2009 Protocol between the United States and France does not affect these deficiencies.  First, Article 1, Section 1 of the United States Constitution vests legislative authority jointly in the House of Representatives and the Senate.  U.S. Const., Art. 1, §1.  Accordingly, section 7602(a) can be amended only by a law approved by ***both*** the House and the Senate, then signed into law by the President.  The 2009 Protocol was not passed in or otherwise approved by the House.  Second, even the United States Senate's advice and consent to 2009 Protocol between the United States and France was conditioned upon the occurrence of certain specified conditions that have not been met.

Third, section 7602 was last amended with approval of both chambers of Congress and the President on July 1, 2019, such that under the "last-in-time" rule, section 7602 controls.  See Pub. Law No. 116-25; *Whitney v. Robertson*, 124 U.S. 190, 194 (1888). Accordingly, the 2009 Protocol provides no authorization for the issuance of summons whose purpose is not to determine a person's tax liability to the United States.

10. The Summons is also not authorized by the Treaty.

   a. The investigation authority conferred upon the IRS by the Treaty is limited to assistance to **the government of France** in the collection of taxes.  See Treaty, Article 27 (authorizing assistance at the request of a "Contracting State"); *id.,* Article 3, para. 1(a) (defining "Contracting State" to mean the United States or France only).  The Summons was issued upon request made by a **private entity**, Société Française de Négoce International (or its principals or creditors), not the government of France.  See, Ex. A at p. 7 (directing information regarding Summons to 15 Chemin de Basses Vallieres, 69530 Brignais, France, which is a private address, not an office of the French government). Since neither the Treaty nor any law permits the IRS to issue summonses at the request of private parties, the Summons in this case was issued without legal authority and is therefore invalid.

   b. To the extent any claim is made that the purpose of the Summons is to assist in the collection of French taxes, it is still not authorized by the Treaty.

      i. The Treaty does not authorize any assistance or other actions by the IRS with respect to collection of taxes from citizens of the United States.  See Treaty, Article 28, para. 5.  Mr. Dadon is a citizen of the United States.  Dkt. No. 2 (Declaration of Joseph Dadon, filed Sept. 11, 2019 ("Dadon Decl.")) at ¶2.

      ii. The Treaty only authorizes the IRS to provide assistance with respect to collection of taxes owed to the government of France where the

existence of a tax obligation has been finally determined. *See* Treaty, Article 28, paras. 1-3. In all other cases, the treaty only authorizes the IRS to take "measures of conservancy" and only where a revenue claim has been made by the government of France. *Id.*, para. 4. Mr. Dadon is not the subject of any revenue claim by the government of France. Dkt. No. 2 (Dadon Decl.) at ¶4. Indeed, there is no evidence that Mr. Dadon is even alleged to owe any taxes to the government of France, let alone that any determination has been made that taxes are owed. *Id.*

11. The Summons is also invalid and ineffective because the records it seeks relate to Joseph Dadon, not Société Française de Négoce International, the entity whose tax liabilities are apparently at issue.

    a. Subdivision (a)(2) of Section 7602 only permits the IRS "[t]o summon **the person liable for tax** … or any person having possession, custody, or care of books of account containing entries relating to the business **of the person liable for tax**…." 26 U.S.C. §7602(a)(2).

    b. Mr. Dadon, however, is not the person whose liability for tax is under investigation. On the contrary, the Summons itself makes clear that the person whose tax liability is under investigation is Société Française de Négoce International.

    c. Nor can it be said that deposits or withdrawal made to or from that account bear upon any tax owed or allegedly owed by Société Française de Négoce International to France. The bank account for which the Summons seeks copies of bank statements does not now and never has been owned by Société Française de Négoce International or anyone connected to that French company. Dkt. No. 2 (Dadon Decl.) at ¶7. The bank account at issue here belongs to Mr. Dadon. *Id*. What's more, no funds have ever been sent from that account to Société Française de Négoce International, no funds have ever been deposited into that account by Société

Française de Négoce International and no funds belonging to Société Française de Négoce International have ever been held in Mr. Dadon's account.  *Id.*, at ¶8.

        d.        The Summons at issue here, however, demands the production of books of account (bank account statements) for Mr. Dadon, who is not the person or entity whose tax liability is at issue.  *Id.*, at ¶6.

12.        The Summons is also invalid because it was not issued in "good faith," as required by the Supreme Court's pronouncement in *United States v. Powell*, 379 U.S. 48, 58 (1964).

        a.        A summons is issued in good faith only if (1) it is issued in connection with an investigation conducted pursuant to a legitimate purpose; (2) the materials sought by the summons are relevant to that purpose; (3) the information sought is not already possessed by the IRS; and (4) the administrative steps required by the Internal Revenue Code have been followed.  *Id.* at 57-58.

        b.        Even assuming there is some investigation of the tax liabilities of Société Française de Négoce International being conducted in France and even assuming such theoretical investigation is being conducted for a legitimate purpose, the materials sought by the Summons here – Mr. Dadon's personal bank account documents and statements – cannot be relevant to that investigative purpose.  The documents sought by the Summons are for Mr. Dadon's bank account, not a bank account belonging to Société Française de Négoce International or anyone connected to that French company.  Dkt. No. 2 (Dadon Decl.) at ¶7.  Moreover, no funds have ever been sent from that account to Société Française de Négoce International, no funds have ever been deposited into that account by Société Française de Négoce International and no funds belonging to Société Française de Négoce International have ever been held in Mr. Dadon's account.  *Id.*, at ¶8.

13.        Finally, the Summons must also be quashed for the IRS' failure to comply with Section 7602(c) of the Internal Revenue Code.

      a.      Under subdivision (c) of Section 7602, the IRS is prohibited from contacting any person other than the taxpayer whose tax liability is at issue unless it has first provided notice to the taxpayer that it intends to contact third parties with respect to the taxpayer's alleged tax liability.  26 U.S.C. §7602(c)(1).

      b.      No such notice has ever been provided to Mr. Dadon.  *See* Dkt. No. 2 (Dadon Decl.) at ¶10.

## PRAYER FOR RELIEF

14. WHEREFORE, Petitioner respectfully asks the Court to quash the Summons; award costs and attorneys' fees to Petitioner to the extent allowed by law: and award such other and further relief to the petitioner as is warranted.

Dated: Oct. 28, 2019                Respectfully submitted,

                                          __/s/ Michael A. Bowse_____

                                          Michael A. Bowse
                                          BOWSE LAW GROUP, APC
                                          801 S. Figueroa St., 25th Floor
                                          Los Angeles, CA 90017
                                          Phone: (213) 344-4700
                                          Fax: (213) 344-4700
                                          Email: mbowse@bowselawgroup.com

## CERTIFICATE OF SERVICE

    I certify that on **October 29, 2019** a copy of the foregoing Petition to Quash Internal Revenue Service Third Party Summons was (1) mailed, by first-class U.S. Mail, postage prepaid and properly addressed, and (2) delivered by facsimile to the following:

Devika C. Jaipersaud
International Tax Law Specialist
7850 SW 6th Court, Room 355
Plantation, FL 33324
Stop 4685:DCJ
Phone: 954-991-4210
Fax:  877-766-5988

National Subpoena Processing
JP Morgan Chase Bank, N.A.
7610 West Washington St.
Indianapolis, IN 46231-1335
Fax:  866-859-8592

    /s/ Michael A. Bowse_____
Michael A. Bowse
BOWSE LAW GROUP, APC
801 S. Figueroa St., 25th Floor
Los Angeles, CA 90017
Phone: (213) 344-4700
Fax: (213) 344-4700